UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN THE MATTER OF THE COMPLAINT   )
OF OSAGE MARINE SERVICES, INC.,   )   No. 4:10-CV-1674 (CEJ)
                                  )
                                  )
                                  )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of claimant Craig Woodfin to quash the notice of plaintiff's intent to take the deposition of Richard Fleisher and for a protective order prohibiting plaintiff from deposing Fleisher.  The plaintiff opposes the motion and the issues are fully briefed.

I. Background

Plaintiff owns the M/V Carrie Elizabeth, a horsepower towboat that provides barge switching and towing services on the Mississippi River.  Claimant Woodfin was employed as a mate on the towboat.  On July 1, 2010, Woodfin sustained injuries when his left foot came in contact with a deckfitting on a barge that the towboat was preparing to switch.  On October 29, 2010, he filed a claim against plaintiff, asserting that his injuries were the result of plaintiff's negligence.

Prior to filing this lawsuit, plaintiff's counsel retained Richard Fleisher as a private investigator.  During his investigation, Fleisher contacted Shane Ducote and Nathan Welch, who were on board the M/V Carrie Elizabeth when the accident occurred.  Ducote and Welch were still employed by plaintiff at the time Fleisher contacted them.  Fleisher discussed the accident with Ducote and Welch and recorded the conversations.  Fleisher had not been authorized by plaintiff or by claimant's counsel to contact Ducote and Welch.  After learning of Fleisher's contact with

plaintiff's employees, claimant's counsel instructed him to cease all communications with anyone connected to the case and later terminated his services.

In response to a request for production of documents, claimant produced transcripts of Fleisher's recorded conversations with Ducote and Welch. Although the materials were produced, claimant asserted that they were covered by the attorney work product privilege. Claimant asserts the work product privilege as grounds for his motion to quash the plaintiff's notice to take Fleisher's deposition.

II. Discussion

The work product privilege is designed to promote the adversary system by ensuring that a party cannot obtain materials that his opponent has prepared in anticipation of litigation. Pittman v. Frazer, 129 F.3d 983, 988 (8th Cir. 1997) ; Westinghouse Ele. Corp. v. Republic of the Philippines, 951 F2d 1414, 1428 (3rd Cir. 1991). The party asserting work product protection bears the burden of demonstrating that the doctrine applies and that it has not been waived. See In re Grand Jury Subpoena Dated July 6, 2005, 510 F.3d 180, 183 (2d Cir.2007); Allied Irish Banks, p.l.c. v. Bank of Am., N.A., 252 F.R.D. 163, 173 (S.D.N.Y.2008). In order to meet this burden, the moving party must show that the material is (1) a document or a tangible thing, (2) that was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by his representative." Allied Irish Banks, p.l.c, 252 F.R.D. at 173. The work product doctrine protects not only materials which are prepared by attorneys themselves, but also by their agents. See Spanierman Gallery v. Merritt, 2003 WL 22909160, at *2-3, 2003 U.S. Dist. LEXIS 22141, at *6 (S.D.N.Y. Dec. 9, 2003) (citing United States v. Nobles, 422 U.S. 225, 238-39, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975)). "[A]gents include those who are enlisted by legal counsel to perform investigative or analytical tasks to aid counsel in preparing for litigation." Costabile

2

v. Westchester, 254 F.R.D. 160,164 (S.D.N.Y. June 18, 2008); Kayata v. Foote, Cone & Belding Worldwide, L.L.C., 2000 WL 502859, at *2 (S.D.N.Y. Apr. 26, 2000).

The non-moving party can discover materials protected by the work product doctrine only upon a showing of substantial need for the materials in preparation of case and the inability, without undue hardship, to obtain the substantial equivalent of the materials by other means. Pittman, 129 F.3d 983 at 988.  If, after the required showing has been made, the court orders disclosure of the materials, the court must protect against disclosure of mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation. Fed. R. Civ. P. 26(b)(3)(B).

The Court finds that the claimant has not met its burden of proving that the elements of the work product privilege are satisfied.  Rule 26(b)(5) of the Federal Rules of Civil Procedure provides that "a person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."  The claimant has not provided the Court with a privilege log or any information describing the nature of the material subject to protection.  Claimant merely states that the results of Fleisher's investigation are protected under the work product doctrine because Fleisher was hired in anticipation of litigation.  A blanket claim, such as this, does not satisfy claimant's burden of proof. Kelling v. Bridgestone/Firestone, Inc., 157 F.R.D. 496, 497 (D.Kan. July 14, 1994).

Furthermore, even if claimant had provided sufficient information to meet its burden, the Court finds that the statements made by Ducote and Welch are

3

discoverable.  A statement of an employee is discoverable as a matter of right, if the statement would be admissible in evidence against the employer corporation as a vicarious admission.  Fed. R. Civ. P. 26(b)(3); Pfeifer v. State Farm Insurance Co., 1997 WL 276085 at *2 (E.D.La. May 22, 1997).  A statement may be deemed an admission of the employer if it was made by the employer's agent or servant concerning a matter within the scope of his agency or employment, and if it was made during the existence of the employee-employer relationship.  Fed. R. Evid. 801(d)(2)(D).  The statements at issue here were made by plaintiff's employees during the course of their employment and concerned the circumstances surrounding an accident that occurred while they were at work.  Therefore, statements made by Ducote and Welch may constitute an admission of the plaintiff, and are discoverable as a matter of right.  See Thorton v. Continental Grain Co., 103 F.R.D. 605, 606 (S.D.Ill. December 5, 1984).

Further, claimant has not shown that he is entitled to a protective order. Protective orders prohibiting depositions are rarely granted.  Frideres v. Schlitz, 150 F.R.D. 153, 156 (S.D. Iowa 1993)(citing Medlin v. Andrew, 113 F.R.D. 650, 653 (M.D.N.C. 1987).  "It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error."  Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979).  To obtain a protective order, the movant "must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one."  Frideres, 150 F.R.D. at 156.  "[T]he moving party must demonstrate that 'disclosure will work a clearly defined and very serious injury.'"  Uniroyal Chem Co., 224 F.R.D. at 56.  The

4

claimant has not shown that taking Fleisher's deposition will result in a clearly defined and very serious injury.

Accordingly,

**IT IS HEREBY ORDERED** that claimant's motion to quash the notice of deposition of Richard Fleisher and for a protective order prohibiting plaintiff from deposing Richard Fleisher [#37] is **denied**.

 

_/s/ Carol E. Jackson_
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of December, 2011.

5