UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN THE MATTER OF THE COMPLAINT OF )
OSAGE MARINE SERVICES, INC., )
) Case No. 4:10-CV-1674 (CEJ)
)
)
)

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Osage Marine Services, Inc. for judgment on the pleadings. Claimant Craig Woodfin opposes the motion, and the issues are fully briefed.

**I. Background**

Plaintiff owns the M/V Carrie Elizabeth, a horsepower towboat that provides barge switching and towing services on the Mississippi River. Woodfin was employed as a mate on the towboat. On July 1, 2010, Woodfin sustained injuries to his left foot when it came in contact with a deckfitting on a barge that the towboat was preparing to switch. On September 9, 2010, plaintiff filed this action pursuant to the Limitation of Vessel Owner's Liability Act, 46 U.S.C. §§ 30501-30512, alleging that claimant's injuries were not caused by plaintiff or plaintiff's employees. Plaintiff seeks exoneration or limitation of liability, for any loss, damages, or injury incurred by claimant. On October 29, 2010, Woodfin filed an answer and claims, asserting that plaintiff was negligent, failed to provide maintenance and cure, and operated an unseaworthy vessel.[1] Claimant seeks punitive damages on all claims.

---

[1] A claim for maintenance and cure concerns the vessel owner's obligation to provide food, lodging, and medical services to a seaman injured while serving the ship. Lewis v. Lewis & Clark Marine Inc., 531 U.S. 438,441 (2001)(citation omitted).

Unseaworthiness is a form of strict liability that requires the owner of a vessel to

Plaintiff moves for judgment on the pleadings, pursuant to Fed. R. Civ. P 12(c), with respect to claimant's prayer for punitive damages on his unseaworthiness claim.

## II. Legal Standard

A motion under Fed.R.Civ.P. 12(c) for judgment on the pleadings challenges the legal sufficiency of the opposing party's pleadings. See Irish Lesbian and Gay Org. v. Giuliani, 143 F.3d 638, 644 (2nd Cir.1998). When considering a motion for judgment on the pleadings, the court must accept as true all factual allegations set forth in the complaint and construe the complaint in the light most favorable to the plaintiff, drawing all inferences in plaintiff's favor. Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009) (citing Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990)).

## III. Discussion

Plaintiff argues that the general maritime law does not permit the recovery of punitive damages for claims based on the doctrine of unseaworthiness. In support of this argument, plaintiff points to the United States Supreme Court's decision in Miles v. Apex Marine Corp., 498 U.S. 19 (1990). In Miles, the mother of a deceased seaman attempted to recover damages for loss of society and lost future earnings in a wrongful death action against her son's employer. Id. at 320. The issue before the Court was whether such damages were available under the general maritime law. The Court held that damages for loss of society and lost of future earnings were not available in wrongful death actions because the Jones Act and the Death on the High Seas Act

---

ensure that a vessel and its appurtenant equipment and appliances are reasonably fit for her intended use. Usner v. Luckenback Overseas Corp., 400 U.S. 494, 499 (1971)

2

(DOHSA) only provide recovery for pecuniary damages.  Id. at 325-327.  According to the Court, the Jones Act and DOHSA incorporate the substantive recovery provisions of the older Federal Employers' Liability Act (FELA), which only provides recovery for pecuniary loss.  Id. at 325.  Therefore, the Court reasoned that by incorporating FELA unaltered into the Jones Act, "Congress must have intended to incorporate the pecuniary limitation on damages as well."  Id.  Thus, the Court found that it would be inconsistent with congressional intent to expand upon the remedies in wrongful death actions by providing recovery for loss of society and lost of future earnings.  Id. at 328.

Plaintiff argues that the Court's reasoning in Miles applies to the recovery of punitive damages in unseaworthiness claims.  Plaintiff contends that punitive damages are not available in unseaworthiness actions because non-pecuniary damages are not recoverable under the Jones Act, and therefore, it would be inconsistent to award such damages under general maritime law.  To further support its argument, plaintiff relies on two cases from the First and Sixth Circuits prohibiting punitive damages in unseaworthiness claims.  See. Horsley v. Mobil Oil Corp., 15 F.3d 200, 203 (1st Cir. 1994)("Under the analysis prescribed in [Miles], an admiralty court may not extend the remedies available in an unseaworthiness action under general maritime law to include punitive damages or damages for loss of parental or spousal society."); Miller v. American President Lines, LTD, 989 F. 2d 1450,1458 (6th Cir. 1993)("It has been the unanimous judgment of the courts since before the enactment of the Jones Act that punitive damages are not recoverable under the [FELA]. Punitive damages are not therefore recoverable under the Jones Act.")

Claimant argues that Miles applies only to wrongful death actions, not to cases involving personal injury. Furthermore, claimant contends that Horsley and Miller have been overruled by the recent Supreme Court decision in Atlantic Sounding Co. Inc v. Townsend, 129 S. Ct. 2561 (2009). In Atlantic Sounding, the Court held that a seaman, as a matter of general maritime law, could seek punitive damages in a maintenance and cure claim. Id. at 2571. In coming to this conclusion the Court reviewed the history of punitive damages under common law and federal maritime law. Based on that review, the Court determined that "punitive damages have long been available at common law," and that "the common-law tradition of punitive damages extends to maritime claims." Id. at 2569. The Court then reasoned that because neither the Jones Act nor any other federal legislation addresses maintenance and cure or its remedy, there is no evidence that punitive damages are an inappropriate remedy for maintenance and cure claims. Id. at 2571. Therefore, the Court held that a seaman "is entitled to pursue punitive damages unless Congress has enacted legislation departing from this common-law undertaking." Id. at 2569.

The Court also clarified how federal courts should interpret the decision in Miles. The Court determined that the notion that Miles limits remedies in maritime cases involving death or personal injury is too broad. Id. at 2572. Instead, the Court emphasized that Miles deals with whether general maritime law should provide a remedy for wrongful death actions where damages for such actions have been limited by Congress. Id. Atlantic Sounding, however grapples with a completely different issue. Unlike in Miles, Atlantic Sounding deals with a cause of action (maintenance and cure) and remedy (punitive damages) that has not been addressed or limited by

4

Congress. Therefore, the Court found that the ruling in Miles does not limit a seaman's recovery of punitive damages in maintenance and cure claims. Id.

Claimant argues that Atlantic Sounding permits the recovery of punitive damages, unless Congress has enacted legislation stating otherwise. Because Congress has not limited the remedies available in unseaworthiness claims, claimant contends that punitive damages are available in this action.

Following the analysis of Atlantic Sounding, the Court concludes that punitive damages are available under general maritime law for unseaworthiness claims. Here, as in Atlantic Sounding, unseaworthiness is a general maritime action that was well established before the passage of the Jones Act. Furthermore, punitive damages were well established as a remedy in general maritime law before the passage of the Jones Act. Id. at 2569. Neither the Jones Act nor any other federal statute has addressed or limited the availability of punitive damages for unseaworthiness claims.

The Court concludes that plaintiff is not entitled to judgment as a matter of law. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for judgment on the pleadings [#26] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 5th day of March, 2012.